**FILED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS - 6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-7851-GHK (SHx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Sidney Huddleston* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** **(In Chambers) Order re:** (1) Order to Show Cause (Dkt. No. 6); (2) Plaintiff's Motion to Remand (Dkt. No. 4); (3) Plaintiff's Ex Parte Application for an Order Shortening Time on Its Motion to Remand (Dkt. No. 5)

       On September 12, 2012, Defendant Sidney Huddleston ("Defendant") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") states that we have federal question jurisdiction based on the Fair Debt Collection Practices Act ("FDCPA"). Noting that the complaint pleads only a single cause of action for unlawful detainer and that the "well-pleaded complaint rule" requires the federal question to appear on the face of the complaint, we required Defendant to show cause why this matter should not be remanded because this Court lacks subject matter jurisdiction.

       On October 15, 2012, Defendant timely responded to our OSC. In his response, he reasserts that we have subject matter jurisdiction under the FDCPA. We have already stated that such assertion is insufficient to confer subject matter jurisdiction under the well-pleaded complaint rule. Additionally, he appears to argue that we have subject matter jurisdiction because he asserts a defense of inadequate notice under the Protecting Tenants at Foreclosure Act ("PTFA"). However, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *See US Bank Nat'l Ass'n v. Jenkins*, 2012 WL 242858, at *2 (C.D. Cal. Jan. 25, 2012) ("Defendant's reference to the PTFA is best characterized as a defense or potential counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." (internal quotations omitted)).

       Based on the foregoing, we find and conclude that we lack subject matter jurisdiction over this matter. We hereby **REMAND** this action to the state court from which it was removed. Plaintiff's Motion to Remand and Ex Parte Application are **DENIED** as moot.

       **IT IS SO ORDERED.**

       --- : ---

Initials of Deputy Clerk     ljw for Bea